## Richmond

Top Notch Coal Company, Incorporated v. Harrison B. Porter.

June 11, 1976.

Record No. 751238.

Present, All the Justices.

*H. A. Street* (*Street, Street & McGlothlin*, on brief), for appellant.

*William J. Sturgill* (*Sturgill & Stump*, on brief), for appellee.

Per Curiam.

The controlling issue on this appeal from the Industrial Commission is whether Harrison B. Porter is barred by the statute of limitations from asserting a claim for third stage pneumoconiosis against his employer, Top Notch Coal Company, Inc. (Top Notch).

The record shows that from 1951 until 1964, Porter worked as an operator of a coal cutting machine for the Island Creek Coal Company in Holden, West Virginia, during which time he contracted advanced silicosis, or first stage pneumoconiosis. He submitted a claim for this occupational disease to the West Virginia Workmen's

Compensation Fund and, on December 16, 1964, was awarded the sum of $2,280 payable over a 60-week period.

After receiving this award, Porter worked for a second West Virginia coal company and was exposed to coal dust in his job as a repairman. In 1968, however, he moved to Virginia and purchased the Top Notch Coal Company, which he later incorporated with himself as president and sole stockholder. At the time he purchased the company, Porter resumed working as an operator of a coal cutting machine, which continuously exposed him to the inhalation of coal dust. In September 1974, he was diagnosed as suffering from third stage pneumoconiosis.

A majority of the Industrial Commission found that Porter was last injuriously exposed to the causative hazards of pneumoconiosis while an employee of Top Notch and that this exposure caused the disease to advance from the first to the third stage. Hence, the Commission held that Porter was entitled to payment of compensation from Top Notch for the advance of the disease. Recognizing the earlier West Virginia award as one for first stage pneumoconiosis, however, the Commission credited it against the present award by reducing the compensation period from 200 to 150 weeks.

The first and last paragraphs of the relevant statute of limitations, provide, in part:

> "The right to compensation under this chapter shall be forever barred unless a claim be filed with the Industrial Commission within three years for coal worker's pneumoconiosis . . . after a diagnosis of an occupational disease is first communicated to the employee or within five years from the date of the last injurious exposure in employment, whichever first occurs. . . .
>
>       \*     \*     \*
>
> "In any case in which a claim is being made for benefits for a change of condition in an occupational disease (that is, advancing from one stage or category to another) the claim must be filed with the Commission within three years from the date for which compensation was last paid for an earlier stage of the disease." Code § 65.1-52, as amended.[1]

Pneumoconiosis progresses from stage to stage upon exposure to coal dust, and an employee may assert a claim under the Workmen's Compensation Act for the advancement of the disease. Code §§ 65.1-

1. The last paragraph of the statute was added by Acts 1972, c. 612 at 770.

56 and 65.1-56.1. However, a claim for advancement to another stage or category of an occupational disease, when an award has been made for an earlier stage, is not a "new accident" subject to time limitations set forth in the first paragraph of Code § 65.1-52. Rather, once an award has been made for the disease, the last paragraph of that statute bars any claim for its advancement unless asserted within three years from the date compensation was last paid for the earlier stage.

Here the record discloses that Porter received an award for advanced silicosis from the West Virginia Workmen's Compensation Fund in December 1964, which was paid over a period of 60 weeks. Further, the Industrial Commission found that this award was equivalent to a Virginia award for first stage pneumoconiosis. Hence, the present claim is for an advancement in the stage or category of an occupational disease, and therefore barred, since it was not asserted within three years from the date Porter last received compensation for an earlier stage of the disease.

For the reasons stated, the award is reversed and the claim dismissed.

*Reversed and dismissed.*