COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


COX CABLE HAMPTON ROADS
AND
BIRMINGHAM FIRE INSURANCE                    MEMORANDUM OPINION
 COMPANY OF PENNSYLVANIA                          PER CURIAM
                                                 JULY 8, 1997
v.    Record No. 0329-97-1

JAMES BOWMAN


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                 (Susan B. Potter; Vandeventer, Black,
               Meredith & Martin, on brief), for appellants.

                 (M. Todd Gerber; Joynes & Bieber, on brief),
               for appellee.


     Cox Cable Hampton Roads (employer) contends that the

Workers' Compensation Commission (commission) erred in refusing

to order a change in James Bowman's treating physician.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

     Code § 65.2-603 provides that an employer must furnish an

injured employee reasonable and necessary medical treatment free

of charge.  The commission is authorized to order a change in

treating physicians.  See Code § 65.2-603.  However, the

commission found that the evidence failed to demonstrate a need

to change Bowman's treating physician.

_____

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

"General principles of workman's compensation law provide that '[i]n an application for review of any award on the ground of change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)). The commission has previously set forth several grounds upon which it will order a change in an employee's treating physician:

> inadequate treatment is being rendered; it appears that treatment is needed by a specialist in a particular field and is not being provided; no progress being made in improvement of the employee's health condition without any adequate explanation; conventional modalities of treatment are not being used; no plan for treatment for long-term disability cases; and failure to cooperate with discovery proceedings ordered by the Commission.

Powers v. J.B. Constr., 68 O.I.C. 208, 211 (1989) (construing Code § 65.1-88 (now Code § 65.2-603)).

The commission's construction of the Act is entitled to great weight on appeal. See City of Waynesboro v. Harter, 1 Va. App. 265, 269, 337 S.E.2d 901, 903 (1985). In addition, the commission's finding is binding and conclusive upon us, unless, as a matter of law, the employer's evidence sustained its burden of proof. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

On appeal, we view the evidence in the light most favorable to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Viewing the evidence in that light, we are unable to conclude, as a matter of law, that the employer sustained its burden of proof.  To the contrary, the evidence showed that Dr. Long has rendered adequate treatment; he has provided Bowman with various treatment options; and he adequately explained Bowman's lack of progress in light of the complexity of his back problem.  No evidence proved that Dr. Long refused to cooperate with employer's discovery requests or that he failed to use conventional modalities of treatment.  In addition, although Dr. Long opined that Bowman might benefit functionally from a special physiatrist's program, he admitted that such a program would probably not relieve Bowman's severe pain, the overriding obstacle preventing his return to work.

Dr. Long opined that Bowman is restricted from working due to his intractable pain and recommended that Bowman limit his activities to those that are tolerable.  Dr. Long also opined that Bowman's condition will probably remain the same and concurred with the opinion of Dr. Bruce Mathern, who examined Bowman at employer's request, that because of Bowman's structural instability, external bracing and physical therapy would probably not improve his condition.  Dr. Mathern encouraged Bowman to maintain his "longstanding relationship with Johns Hopkins" and

3

Dr. Long.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>