COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Senior Judge Overton


PEPSI-COLA BOTTLERS OF WASHINGTON,
 D.C., INC. AND LUMBERMENS MUTUAL
 CASUALTY COMPANY

                                         MEMORANDUM OPINION[*]
v.    Record No. 2299-98-4                   PER CURIAM
                                         FEBRUARY 16, 1999
JOSEPH W. KANE


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

           (Robert J. Lowe, Jr.; Kimberly A. Karcewski;
           Lowe & Associates, on briefs), for
           appellants.

           (Julie H. Heiden; Koonz, McKenney, Johnson,
           DePaolis & Lightfoot, on brief), for
           appellee.


     Pepsi-Cola Bottlers of Washington, D.C., Inc. and its

insurer (hereinafter referred to as "employer") contend that the

Workers' Compensation Commission ("commission") erred in denying

its request for a change in Joseph W. Kane's ("claimant")

treating physicians.  Upon reviewing the record and the briefs of

the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  See

Rule 5A:27.

           The commission has previously set forth
           several grounds upon which it will order a
           change in an employee's treating physician:
           inadequate treatment is being rendered; it
           appears that treatment is needed by a
           specialist in a particular field and is not
           being provided; no progress being made in

---

        [*]Pursuant to Code § 17-1.413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

> improvement of the employee's health
> condition without any adequate explanation;
> conventional modalities of treatment are not
> being used; no plan for treatment for
> long-term disability cases; and failure to
> cooperate with discovery proceedings ordered
> by the Commission.

Powers v. J.B. Constr., 68 O.I.C. 208, 211 (1989) (construing

Code § 65.1-88 (now Code § 65.2-603)).  The commission's

construction of the Act is entitled to great weight on appeal.

See City of Waynesboro v. Harter, 1 Va. App. 265, 269, 337 S.E.2d

901, 903 (1985).

In denying employer's application, the commission found as

follows:

> [T]he record establishes that Dr. [Leo]
> Goldhammer prescribed recognized conservative
> treatment, that he administered and ordered
> appropriate testing, that he procured
> consultations, and that he worked in
> conjunction with Dr. [Charles B.] Jackson,
> who obviously had no problem with Dr.
> Goldhammer's treatment plan.  Moreover, in
> his recent medical report, Dr. [Anthony] Debs
> expressed no recommendations for treatment,
> and in fact felt that maximum medical
> improvement was reached back in 1993.  The
> claimant's condition is obviously a
> deteriorating one as is to be expected with a
> degenerative spinal condition, and both
> Doctors Goldhammer and Jackson have addressed
> this in their recommendations.  No physician
> at this time is recommending surgery.
>     We find no basis to order a change in
> treating physicians, as Dr. Goldhammer has
> not endorsed the suggestion of a functional
> capacity evaluation and did not immediately
> address a question about such an evaluation.
> Even Dr. Debs has not recommended a
> functional capacity evaluation, but rather,
> only raised it as a possibility.  Dr.
> Goldhammer has given sound reasons for his
> belief that the claimant should not
> physically have to undergo it. . . .

- 2 -

Moreover, Dr. Goldhammer's failure to immediately respond to the insurer's inquiry about the functional capacity evaluation does not constitute a basis to order a change in treating physicians, when the record otherwise reveals that he has promptly forwarded his reports following evaluations, and he already completed a functional capacity evaluation. Further, there were other avenues to obtain this information either through interrogatories or a deposition.

Viewing the evidence in the light most favorable to claimant, who prevailed before the commission, we find that the commission's factual findings are fully supported by the medical records of Drs. Goldhammer and Jackson. Based upon those factual findings, the commission could reasonably conclude that Dr. Goldhammer, in conjunction with Dr. Jackson, has adequately treated claimant's condition and has devised an appropriate treatment plan.

Because the medical records were subject to the commission's factual determination, we cannot find as a matter of law that employer's evidence met its burden of proof. Accordingly, we affirm the commission's decision.

Affirmed.