COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


DANA CORPORATION AND TWIN
 CITY FIRE INSURANCE COMPANY

                                  MEMORANDUM OPINION[*] BY
v.   Record No. 1969-98-3              PER CURIAM
                                    FEBRUARY 23, 1999

LESLIE MARIE SNYDER


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Robert M. McAdam; David W. Hearn; Wooten &
            Hart; Jones & Glenn, on briefs), for
            appellants.

            (Richard M. Thomas; Rider, Thomas, Cleaveland,
            Ferris & Eakin, on brief), for appellee.


     Dana Corporation and its insurer (hereinafter referred to as

"employer") contend that the Workers' Compensation Commission

("commission") erred in finding that Leslie M. Snyder proved that

her hospitalizations in 1995, 1996 and 1997, proposed home health

care, and mileage expenses constituted reasonable and necessary

medical expenses causally related to her compensable October 12,

1990 injury by accident.  Pursuant to Rule 5A:21(b), Snyder

raises the additional question whether the commission erred in

granting employer's request for a change in Snyder's treating

physicians.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  See

Rule 5A:27.

_____

        *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989). "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). Moreover, "[q]uestions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

In finding that Snyder sustained her burden of proving that the 1995, 1996 and 1997 hospitalizations, proposed home health care, and mileage expenses were causally related to her 1990 compensable injury by accident, the commission found as follows:

> [T]he commission determined in 1993 that [Snyder's] psychological problems of 1993 were related to the compensable injury. That finding was not appealed and cannot now be attacked. . . .
> [Snyder's] treating physicians at Lewis-Gale clearly relate her continued depression and psychological problems to the pain caused by the compensable 1990 injury. . . .
>
> *       *       *       *       *       *       *

- 2 -

> [W]e are persuaded that the hospitalization in November 1995 was related to [Snyder's] pain residuals from the compensable 1990 injury. For example, Dr. [Verna M.] Lewis reported that her "Condition at Discharge" on November 7, 1995, was: "Improving. Seems committed to working actively and overcoming her fears of alternative methods of controlling pain." [Snyder's] "Final Diagnosis" included substance abuse secondary to medical condition, major depression, and RSD. The records and notes from the hospitalizations of November 1996 and January 1997 reflect similar associations between her mental state and her arm injury. . . .
>
> Relying on the treating physicians' notes, there is extensively documented correlation between [Snyder's] mental health and her physical injury of 1990.

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 214 (1991). In its role as fact finder, the commission was entitled to weigh the medical evidence, to accept the opinions of Snyder's treating physicians, Dr. Lewis and Dr. Mary C. Williams, and licensed professional counselor, Susan Riggs, and to reject any contrary medical opinions. The opinion of a treating physician is entitled to great weight. See Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 439, 339 S.E.2d 570, 572 (1986). The medical records and opinions of Snyder's treating physicians constitute credible evidence to support the commission's decision. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner, 12 Va. App. at 894, 407 S.E.2d at 35.

II.

Code § 65.2-603 provides that an employer must furnish an injured employee reasonable and necessary medical treatment free of charge. The commission is authorized to order a change in treating physicians. See Code § 65.2-603.

The commission has previously identified the following grounds upon which it will order a change in an employee's treating physician:

> inadequate treatment is being rendered; it appears that treatment is needed by a specialist in a particular field and is not being provided; no progress being made in improvement of the employee's health condition without any adequate explanation; conventional modalities of treatment are not being used; no plan for treatment for long-term disability cases; and failure to cooperate with discovery proceedings ordered by the Commission.

Powers v. J.B. Constr., 68 O.I.C. 208, 211 (1989) (construing Code § 65.1-88 (now Code § 65.2-603)). The commission's construction of the Act is entitled to great weight on appeal. See City of Waynesboro v. Harter, 1 Va. App. 265, 269, 337 S.E.2d 901, 903 (1985).

Viewed in the light most favorable to employer, who prevailed before the commission on this issue, credible evidence supports the commission's findings that Snyder's current treating physicians have failed to develop an effective long-term treatment plan and have not made adequate progress in treating Snyder's complex problems. Because the commission's findings are supported by credible evidence, they are binding upon us on

- 4 -

appeal.  <u>See</u> <u>James v. Capitol Steel Constr. Co.</u>, 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).  Those findings support the commission's decision ordering a change in Snyder's treating physicians.

For these reasons, we affirm the commission's decision.

<u>Affirmed</u>.