COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Fitzpatrick, Judges Felton and Kelsey
Argued at Chesapeake, Virginia


CURTIS LEON TAYLOR, SR.

                                                MEMORANDUM OPINION[*] BY
v.        Record No. 2923-03-1        CHIEF JUDGE JOHANNA L. FITZPATRICK
                                                APRIL 27, 2004
MJRW, INC. AND
 TIG PREMIER INSURANCE COMPANY


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Curtis Leon Taylor, Sr., pro se.

        Mark A. Stallings (Carr & Porter LLC, on brief), for appellees.


        Curtis Leon Taylor, Sr. (claimant) contends the Workers' Compensation Commission

(commission) abused its discretion by dismissing without prejudice his Claim for Benefits

pursuant to the sanctions provisions of Rule 1.12 of the Rules of the Workers' Compensation

Commisson.  For the reasons that follow, we affirm the commission's decision.

                                                I.

        We view the evidence in the light most favorable to the employer, who prevailed below.

See Westmoreland Coal v. Russell, 31 Va. App. 16, 20, 520 S.E.2d 839, 841 (1999).  The

commission's factual findings are conclusive and binding on this Court when those findings are

based on credible evidence.  See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382

S.E.2d 487, 488 (1989); Code § 65.2-706.

        The record reflects that claimant alleged a compensable accident occurred on March 20,

2001 while he worked at MJRW, Inc. (employer).  After the accident and before claimant filed

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

his initial claim for benefits on May 31, 2001, he was incarcerated for a term of approximately ten years. His expected release date is December 2011. A hearing was scheduled for September 11, 2001. Claimant and carrier propounded discovery pursuant to Rule 1.8. On August 9, 2001, claimant requested a continuance of the hearing because he was incarcerated and unable to obtain transportation to the hearing. On August 16, 2001, the deputy commissioner denied claimant's request for a continuance and ordered him to respond to the carrier's discovery. Claimant failed to respond and, accordingly, his claim was dismissed without prejudice for the first time on August 27, 2001. Claimant appealed the dismissal of his claim and filed a second Claim for Benefits. On February 2, 2002, the commission affirmed the deputy commissioner's dismissal of the first claim.

Claimant and carrier propounded discovery on the second Claim for Benefits, and a hearing was scheduled for July 9, 2002. Claimant again failed to respond to carrier's discovery and did not appear at the July 9, 2002 hearing. The deputy commissioner dismissed his claim with prejudice. Claimant appealed that dismissal and on January 24, 2003, the commission amended the deputy commissioner's decision to reflect a dismissal of that claim without prejudice.

On February 10, 2003, claimant filed his third Claim for Benefits. Again, claimant and carrier propounded discovery. On April 14, 2003, the deputy commissioner ordered the carrier to provide claimant the transcript of his recorded interview. On April 21, 2003, claimant requested more documents. On April 25, 2003, claimant filed a Motion to Suppress the recorded interview. On May 5, 2003, the deputy commissioner denied claimant's motion to suppress. On May 7, 2003, claimant requested a hearing. On June 12, 2003, the carrier propounded another Request for Production of Documents and one additional Interrogatory. On June 16, 2003, the

deputy commissioner granted carrier permission to propound the additional interrogatory. On June 17, 2003, claimant objected to the additional interrogatory.

On July 1, 2003, the carrier sent another Request for Admissions relevant to the disputed recorded interview. On July 3, 2003, claimant requested the commission to issue an order providing him transportation to the hearing and on July 9, 2003, the commission denied that request. On July 14, 2003, claimant filed a Motion to Suppress the transcript of the recorded interview. On July 15, 2003, claimant appealed the decision denying him transportation and requested a continuance until his release from incarceration in 2011. On July 16, 2003, the deputy commissioner notified claimant that his motion to suppress the transcript of the recorded interview would be addressed at the hearing. On August 21, 2003, the commission affirmed the denial of the transportation order and conditionally granted claimant's request for a continuance of the hearing. The commission stated,

> In the interest of judicial economy, we also grant the claimant's request for a continuance for a reasonable period of time. However, it is unreasonable to require the defendants to wait until after December 20, 2011, for a hearing. The defendants may request that the hearing be rescheduled in a timely fashion. If the claimant desires to testify, he should notify the Commission and his testimony may be taken by deposition while he is still incarcerated. If necessary the testimony may be taken before a deputy commissioner.

On August 29, 2003, the claimant notified the deputy commissioner that he would like to testify at "any hearings regarding the . . . matter." On August 26, 2003, the carrier filed a Motion to Compel claimant's response to its July 1 Request for Admissions. On August 28, 2003, claimant objected to carrier's motion to compel because the deputy commissioner had not ruled on his July 14, 2003 motion to suppress the recorded interview transcript. On September 2, 2003 the deputy commissioner signed the following order:

> WHEREAS, the Commission has received from Attorney
> Mark A. Stallings a Motion to Compel the claimant to respond to

the defendant's Request for Admissions propounded on July 1, 2003; and

WHEREAS, the Commission's discovery rule requires that responses be filed within twenty-one days from the date propounded; and

WHEREAS, it appears to the Commission that the claimant may not be represented by counsel and therefore may not have been aware of this rule, the Commission will grant the claimant a seven day extension of time in which to respond,

NOW THEREFORE, the claimant is hereby ORDERED to answer the Request for Admissions and to file his responses with Mr. Stallings on or before seven days from the date of this Order. Failure to respond will result in appropriate sanctions, including possible dismissal of the claim.

On September 5, 2003, claimant appealed that order. On October 20, 2003, the commission dismissed the claim based on claimant's failure to comply with the deputy commissioner's September 3 order and the commission's August 21, 2003 decision. Claimant appeals that decision.

II.

Claimant contends that there is no evidence he failed to comply with the deputy commissioner's September 3 order and the commission abused its discretion when it dismissed his claim. This contention is without merit, and we affirm the commission's decision.

"'"Conclusions of the Commission upon questions of law, or mixed questions of law and fact, are not binding on [appeal]."'" Sinclair v. Shelter Constr. Corp., 23 Va. App. 154, 156-57, 474 S.E.2d 856, 857-58 (1996) (quoting City of Waynesboro v. Harter, 1 Va. App. 265, 269, 337 S.E.2d 901, 903 (1985) (quoting Brown v. Fox, 189 Va. 509, 517, 54 S.E.2d 109, 113 (1940))). "The Workers' Compensation Act is to be liberally construed for the benefit of employees . . . ." Harter, 1 Va. App. at 269, 337 S.E.2d at 903. "The commission's construction of the Act is entitled to great weight on appeal." Cross v. Newport News Shipbuilding and Dry Dock Co., 21

- 4 -

Va. App. 530, 533, 465 S.E.2d 598, 599 (1996) (citing <u>Harter</u>, 1 Va. App. at 269, 337 S.E.2d at 903).

Rule 1.8 of the Rules of the Workers' Compensation Commission provides in pertinent part:

> A. Scope and Method. – The scope of discovery shall extend only to matters which are relevant to issues pending before the Commission and which are not privileged. . . . Discovery may be obtained by oral or written deposition, interrogatories to parties, production of documents or things, requests for admission, inspection of premises or other means of inquiry approved by the Commission.
>
> B. Limiting Discovery. – The Commission may limit the frequency or extent of discovery if it is unreasonably cumulative, duplicative, expensive or if the request was not timely made. The Commission will consider the nature and importance of the contested issues, limitations on the parties' resources and whether the information may be obtained more conveniently and economically from another source.
>
>         \*      \*      \*      \*      \*      \*      \*
>
> K. Failure to Make Discovery; To Produce Documentary Evidence; To Comply With Request for Admission. – A party, upon reasonable notice to other parties and all persons affected thereby, may request an order compelling discovery as follows:
>
> A timely request in writing in the form of a motion to compel discovery may be made to the Commission or to such regional office of the Commission where an application is assigned to be heard.
>
> Failure of a deponent to appear or to testify; failure of a party on whom interrogatories have been served to answer; failure of a party or other person to respond to a subpoena for production of documents or other materials; or *failure to respond to a request for admission shall be the basis for an order addressing a request to compel compliance or for sanctions, or both.*

(Emphasis added).

Rule 1.12 of the Rules of the Workers' Compensation Commission provides in pertinent part:

- 5 -

Enforcement of the Act and Rules of Commission; Sanctions. – In addition to the statutory authority of the Commission to levy fines, to assess attorney fees and punish contempt, the Commission may enforce its rules and the provisions of the Workers' Compensation Act upon motion of a party, or upon its own motion, after giving a party or other interested person the opportunity to be heard, by imposition of the following sanctions:

A. Rejection of a pleading including, but not limited to, all or part of a claim and grounds of defense;

B. Exclusion of evidence from the record;

C. *Dismissal of a claim or application.*

(Emphasis added).

The commission found:

We find that the claimant has been afforded due process: an opportunity to state and prove his claim in a deposition, an opportunity to articulate his concerns in writing and an opportunity to petition for review of the rulings. We further [find] that he has been non-compliant with the Commission's Orders and directions as found in the September 3, 2003, Order and the August 21, 2003, Opinion.

\* \* \* \* \* \* \*

The Commission is without authority to issue a transportation order. See Commonwealth v. Brown, 259 Va. 697, 529 S.E.2d 96 (2000). Therefore, the claimant cannot travel to a hearing site until 2011. Although the claimant has requested an opportunity to testify at a hearing, he has not availed himself of the opportunity to offer his testimony by deposition. The claimant has withheld responses to Requests for Admissions because a deputy commissioner did not rule on his Motion to Suppress to his satisfaction. [E]xtending the time for adjudicating a case (here until 2011) impacts on the due process rights of the other party to have a case timely adjudicated. We have offered the claimant all of the due process available since we cannot transport the claimant. For these reasons, we dismiss the claim without prejudice.

"When a challenge is made to the commission's construction of its rules, the appellate court's review is limited to a determination of whether the commission's interpretation was reasonable. The commission's interpretation will be accorded great deference and will not be set

- 6 -

aside unless arbitrary or capricious." Estate of Kiser v. Pulaski Furniture Co., 41 Va. App. 293, 299, 584 S.E.2d 464, 467 (2003) (citing Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 129 n.2, 510 S.E.2d 255, 260 n.2 (1999) (citations omitted)). See also Arellano v. Pam E. K's Donuts Shop, 26 Va. App. 478, 486, 495 S.E.2d 519, 521 (1998); Specialty Auto Body v. Cook, 14 Va. App. 327, 330, 416 S.E.2d 233, 235 (1992); Classic Floors, Inc. v. Guy, 9 Va. App. 90, 93, 383 S.E.2d 761, 763 (1989).

In the instant case,[1] the claimant was well acquainted with the rules of the commission regarding discovery and appeal. Claimant filed two prior claims for benefits, multiple motions and propounded discovery to employer/carrier several times. During the pendency of the third claim for benefits, claimant also filed multiple motions and appealed several decisions of the deputy commissioner. In the commission's August 21, 2003 opinion, it conditionally granted claimant's request for a continuance of the hearing because of his inability to appear and testify, but only for a "reasonable" time. The commission offered the claimant an alternative method of presenting his case. In the September 3, 2003 order, the deputy commissioner allowed claimant a seven-day extension of time to respond to employer's July 1 Request for Admissions rather than dismissing his claim for benefits at that time.[2] Claimant failed to both designate an alternative means of providing his testimony and to comply with the deputy commissioner's

---

[1] Claimant also asserts that the commission violated his due process rights for exercising his right of appeal and relies on two commission cases as allowing his interlocutory appeal. Neither Handlovitch v. Chesapeake Hosp. 75 O.W.C. 293 (1996), nor Echols v. Rite Aid Corporation 78 O.W.C. 16 (1999), applies to the facts of this case. While those cases dealt with interlocutory appeals, the subject of those appeals would have determined the outcome of each case. These cases are factually inapposite to the instant case, and credible evidence supports the commission's actions.

[2] Claimant's additional argument that employer did not have permission to file the July 1 discovery is in error. Carrier did not need permission to file additional Requests for Admissions. Claimant mischaracterizes the July 1 discovery as Interrogatories, which, if they exceed 15, require commission permission.

order to respond to the employer's July 1 Request for Admissions. Accordingly, the record clearly establishes an adequate basis for the commission to impose the sanction of dismissal pursuant to Rule 1.12 and, therefore, it did not abuse its discretion.

We affirm the decision of the commission.

<u>Affirmed.</u>