COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Coleman and Fitzpatrick
Argued at Salem, Virginia


ARA SERVICES AND RELIANCE
 INSURANCE COMPANY

v.        Record No. 0412-95-3        OPINION BY
                                 JUDGE JOHANNA L. FITZPATRICK
SHERRY L. SWIFT                       APRIL 2, 1996


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        John C. Johnson (Melissa Warner Scoggins;
        Gentry, Locke, Rakes & Moore, on brief), for
        appellants.

        Rhonda L. Overstreet (Gary L. Lumsden, on
        brief), for appellee.


    In this workers' compensation case, ARA Services and its
insurer, Reliance Insurance Company (collectively referred to as
employer), appeal the commission's decision awarding benefits to
Sherry L. Swift (claimant).  Employer argues that the commission
erred in:  (1) finding that claimant reasonably and adequately
marketed her residual work capacity by accepting offered part-
time employment with employer, and (2) requiring employer to
provide claimant with a home exercise station.  For the reasons
that follow, we affirm the commission's decision.

    Claimant injured her left arm and shoulder on December 20,
1991, while working for employer as a route driver.  Her job
involved lifting items weighing up to seventy-five pounds.
Employer accepted the claim as compensable and paid benefits from
January 29, 1992 to March 30, 1992.

Claimant returned to her pre-injury employment on March 30, 1992, with no restrictions.  After a week or two, claimant was unable to continue.  Employer then reassigned claimant to light-duty work as a vending machine attendant, a position that involved less lifting.  In her pre-injury employment, claimant worked forty hours per week and earned $6.25 per hour.  In the light-duty position, claimant worked twenty-five hours per week and earned $6.80 per hour.

In a December 10, 1992 report, Dr. Andrew J. Cepulo, claimant's treating physician, stated:  "The patient is to obtain exercise equipment for home use.  We reviewed some specific muscles that need to be strengthened, and stretched . . . ."  On February 4, 1993, Dr. Cepulo again emphasized the importance of claimant "increasing [the] frequency of stretching to deal with acute exacerbations" of her work-related injury.  Dr. Cepulo also placed lifting restrictions on her work ability but did not restrict her hours.  In a November 8, 1993 report, Dr. Cepulo continued the lifting restrictions, occasional lifting of over fifty pounds and frequent lifting of thirty to forty pounds, but again did not limit claimant's hours.  Dr. Cepulo prescribed a home exercise station "to allow upper [and] lower extremity home strengthening program to reduce pain," and approved additional treatment from Dr. Laura Liles, an osteopathic physician.  Dr. Liles prescribed a treadmill for claimant "to be able to walk daily, regardless of weather, to work on chronic cervical

strain."  Claimant purchased the home exercise station for $208.99 and placed it in her home.

Claimant filed an application for change in condition by letter on December 16, 1993, January 31, 1994, and June 7, 1994.  Claimant requested temporary partial disability benefits beginning September 18, 1993; reimbursement for the home exercise station prescribed by Dr. Cepulo; and provision of a treadmill as prescribed by Dr. Liles.  In awarding claimant benefits, the commission found that:  (1) claimant adequately marketed her residual work capacity by accepting part-time employment offered by employer because she would have been subject to termination if she had refused the light-duty position; and (2) the home exercise station was reasonable and necessary for claimant's recovery.  Her request for the treadmill was denied.

## MARKETING OF RESIDUAL WORK CAPACITY

Employer argues that claimant did not reasonably and adequately market her remaining residual capacity because she accepted part-time light-duty employment offered by employer and failed to obtain full-time employment elsewhere.

On appeal, this Court reviews "the evidence in the light most favorable to the prevailing party."  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "Factual findings of the . . . [c]ommission will be upheld on appeal if supported by credible evidence."  James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488

3

(1989).

A partially disabled employee "must make a reasonable effort to market his remaining capacity to work in order to continue receiving workers' compensation benefits." Virginia Wayside Furn., Inc. v. Burnette, 17 Va. App. 74, 78, 435 S.E.2d 156, 159 (1993). "What constitutes a reasonable marketing effort depends upon the facts and circumstances of each case." Greif Companies (GENESCO) v. Sipe, 16 Va. App. 709, 715, 434 S.E.2d 314, 318 (1993). In National Linen Service v. McGuinn, 8 Va. App. 267, 380 S.E.2d 31 (1989), we identified six factors that the commission must consider in determining whether an employee has reasonably and adequately marketed his or her remaining work capacity:

> (1) the nature and extent of employee's disability; (2) the employee's training, age, experience, and education; (3) the nature and extent of employee's job search; (4) the employee's intent in conducting [her] job search; (5) the availability of jobs in the area suitable for the employee, considering [her] disability; and (6) any other matter affecting employee's capacity to find suitable employment.

Id. at 272, 380 S.E.2d at 34 (footnotes omitted).

The commission must also consider "whether the employee cooperated with the employer and if the employer availed itself of its opportunity to assist the claimant in obtaining employment." Id. at 272 n.5, 380 S.E.2d at 34 n.5. If an injured employee unjustifiably refuses selective employment offered by the employer, he or she is "no longer entitled to

4

receive disability compensation during the continuance of the refusal." Virginia Wayside Furn., 17 Va. App. at 78, 435 S.E.2d at 159; Code § 65.2-510(A).[1]

In the instant case, claimant promptly returned to her pre-injury employment but was physically unable to continue her earlier duties. Employer then offered claimant a light-duty position and reassigned her. The commission expressly found that, "[i]f the claimant had refused this job, she would have been subject to a termination of benefits for refusing suitable employment." We agree and hold that, under the circumstances in this case, claimant acted reasonably in accepting the part-time light-duty employment offered by her pre-injury employer and adequately marketed her residual work capacity.

Employer mistakenly relies on this Court's holding in National Linen that mere employment is "insufficient proof of making a reasonable effort to market one's remaining work capacity." See 8 Va. App. at 268, 380 S.E.2d at 32. When the claimant in National Linen was able to return to work, he did not seek employment with his pre-injury employer, and his former

---

[1]Code § 65.2-510(A) provides as follows:

> If an injured employee refuses employment procured for him suitable to his capacity, he shall only be entitled to the benefits provided for in §§ 65.2-503 and 65.2-603, excluding vocational rehabilitation services provided for in subdivision A 3 of § 65.2-603, during the continuance of such refusal, unless in the opinion of the Commission such refusal was justified.

employer did not offer him employment. The claimant accepted employment with his father, not his pre-injury employer, and made no efforts to seek employment elsewhere. Id. at 269, 380 S.E.2d at 32.

In the instant case, claimant returned to her pre-injury employment. When she was unable to perform the job because of the lifting involved, employer offered her light-duty employment. Claimant accepted in good faith the light-duty position offered by her pre-injury employer, and no evidence in the record shows that she was told to seek additional employment. Under Code § 65.2-510(A), if claimant had refused the position, her right to benefits could have been terminated. Under these circumstances, credible evidence supports the commission's determination that claimant reasonably and adequately marketed her residual work capacity.

## MEDICALLY NECESSARY HOME APPLIANCE

Employer next argues that the home exercise station was not reasonable and necessary for claimant's recovery. Employer denies responsibility for claimant's total body conditioning when her work-related injury was a strained left arm.

> Code § 65.2-603(A)(1) provides in pertinent part as follows:
> [U]pon determination by the treating physician and the Commission that the same is medically necessary, the Commission may require that the employer furnish and maintain wheelchairs, bedside lifts, adjustable beds, and modification of the employee's principal home consisting of ramps, handrails, or any appliances prescribed by the treating physician and

6

        doorway alterations.

(Emphasis added).

        In this case, the commission found that the home exercise
station was reasonable and necessary.  Dr. Cepulo, claimant's
treating physician, prescribed the exercise equipment "to allow
upper [and] lower extremity home strengthening program to reduce
[claimant's] pain" associated with her work-related injury.  Dr.
Cepulo also emphasized the importance of claimant "increasing
[the] frequency of stretching to deal with acute exacerbations"
of her injury.  Code § 65.2-603(A)(1) does not limit "appliances
prescribed by the treating physician" to those that constitute
structural modifications of a claimant's home and may include
medically necessary exercise equipment.  Because credible
evidence in the record shows that the exercise equipment was
"medically necessary" for treatment of claimant's work-related
injury, the commission did not err in ordering employer to
reimburse claimant.

        Accordingly, the decision of the commission is affirmed.

                                        Affirmed.

7