Friday            20th

        November, 1998.


USAir, Inc. and
 Reliance National Insurance Company,                    Appellants,

 against       Record No. 0357-97-4
               Claim No. 160-50-72

Robert S. Joyce,                                        Appellee.


        From the Virginia Workers' Compensation Commission


        On November 18, 1998 came again the appellants, by counsel,

and it appearing to the Court that the parties have settled the

matters in controversy, it is ordered that this appeal be, and the

same is hereby, dismissed.

        This order shall be certified to the Virginia Workers'

Compensation Commission.

                        A Copy,

                           Teste:

                                   Cynthia L. McCoy, Clerk

                        By:

                           Deputy Clerk

Tuesday            2nd

June, 1998.


USAir, Inc. and Reliance National
 Insurance Company,                                              Appellants,

 against        Record No. 0357-97-4
                Claim No. 160-50-72

Robert S. Joyce,                                                 Appellee.


Upon a Petition for Rehearing En Banc

Before the Full Court


On May 1, 1998 came the appellants, by counsel, and filed a petition praying that the Court set aside the judgment rendered herein on April 21, 1998, and grant a rehearing en banc thereof.

On consideration whereof, the petition for rehearing en banc is granted, the mandate entered herein on April 21, 1998 is stayed pending the decision of the Court en banc, and the appeal is reinstated on the docket of this Court.

The parties shall file briefs in compliance with Rule 5A:35. It is further ordered that the appellants shall file with the clerk of this Court ten additional copies of the appendix previously filed in this case.

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:

Deputy Clerk


- 2 -

Present:  Chief Judge Fitzpatrick,[*] Judges Baker and Annunziata
Argued at Alexandria, Virginia


USAIR, INC. AND
 RELIANCE NATIONAL INSURANCE COMPANY
                                            OPINION BY
v.         Record No. 0357-97-4       JUDGE JOSEPH E. BAKER
                                           APRIL 21, 1998
ROBERT S. JOYCE


               FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                   David A. Walsh (Hunton & Williams, on brief),
                   for appellants.

                   No brief or argument for appellee.


     USAir, Inc. (employer) appeals a decision of the Workers'

Compensation Commission reinstating benefits to Robert S. Joyce

(claimant).  Employer contends on appeal that claimant's failure

adequately to market his residual work capacity, as required by

Code § 65.2-510, bars his receipt of benefits.  For the reasons

that follow, we hold that claimant had no duty to market his

residual capacity under the facts of this case, and we affirm the

commission's decision.

     Claimant, a forty-two-year-old aircraft mechanic, suffered a

compensable back injury by accident on September 30, 1992.

Claimant received temporary total disability benefits which were

suspended on April 27, 1994, based upon a finding that he refused

medical treatment by treating with an unauthorized physician.  On

March 4, 1996, claimant saw Dr. Samuel Hawken, a physician

---

[*]On November 19, 1997, Judge Fitzpatrick succeeded Judge
Moon as chief judge.

selected from employer's designated panel.  Dr. Hawken released claimant to light-duty work.  Claimant subsequently filed a change-in-condition application for reinstatement of his benefits because he had cured his earlier refusal of medical treatment. Employer contested the reinstatement, arguing that claimant failed to market his residual work capacity.

The evidence established that after Dr. Hawken released claimant to return to light-duty work, claimant requested work within his capacity from his supervisor, Mr. Zee, and Ted Goodlander, employer's regional director.  They advised claimant that no light-duty work was available.  Claimant works for employer under a union contract which precludes his taking outside employment.  As a consequence of this contractual limitation, claimant requested a "stipulation" from employer that he be allowed to market outside the company as a real estate agent without losing his job.  Employer refused the request, and claimant made no further attempts to market his residual work capacity.

On January 31, 1997, the commission found that claimant had cured his earlier refusal and, under the facts of this case, had adequately marketed his residual capacity.

> Dr. Hawkin [sic] released the claimant to light duty.  He asked the employer whether he could return to work in a light duty job, and was informed that none was available at that time.  He further asked the employer if he had permission to work elsewhere, as a real estate agent, and he was told that he

- 4 -

could not do so.  As the claimant explained, his contract of employment with USAir prohibits him from accepting employment elsewhere while on disability leave without the employer's authorization.

\* \* \* \* \* \* \*

[C]laimant has reasonably marketed under the circumstances.  He offered to return to his pre-injury employer in a light duty capacity, but a selective employment position was not available at that time.  He then sought authorization to obtain other employment while still remaining an employee and thus maintain eligibility for light duty. . . .  As a matter of equity, the employer cannot have it both ways - on the one hand refusing to allow the claimant to market his capacity, and then denying compensation on the grounds that he has not marketed. . . .

We find that the claimant acted reasonably and prudently in preserving his employment options with USAir, and seeking selective work with the company with whom he has a seventeen year employment history, rather than to go against the employer's dictates.

In order to receive continued benefits under a change-in-condition application, a partially disabled employee must prove that he made reasonable efforts to market his residual wage-earning capacity.  See, e.g., Virginia Int'l Terminals v. Moore, 22 Va. App. 396, 401, 470 S.E.2d 574, 577 (1996) (citing National Linen Serv. v. McGuinn, 8 Va. App. 267, 269, 380 S.E.2d 31, 34 (1989)), aff'd, 254 Va. 46, 486 S.E.2d 528 (1997).  "Upon judicial review of the commission's finding that a claimant has made a reasonable marketing effort, the Court must view the

evidence in the light most favorable to the prevailing party." Greif Cos. v. Sipe, 16 Va. App. 709, 716, 434 S.E.2d 314, 318 (1993). However, "[w]here, as here, there is no conflict in the evidence, 'the question of the sufficiency of the evidence is one of law.'" CLC Constr. Inc. v. Lopez, 20 Va. App. 258, 267, 456 S.E.2d 155, 159 (1995) (quoting National Linen Serv., 8 Va. App. at 270, 380 S.E.2d at 33). "What constitutes a reasonable marketing effort depends on the facts and circumstances of each case." Sipe, 16 Va. App. at 715, 434 S.E.2d at 318.

Employer contends that claimant failed to prove he reasonably marketed his residual capacity. We disagree. Simply put, employer, by virtue of its employment contract with claimant, offered him an unacceptable choice: to forego workers' compensation benefits or lose his job. Employer sought to prevent claimant from obtaining the benefits intended by the legislature under the Workers' Compensation Act by refusing to waive its right to terminate claimant's employment if he accepted residual employment and then seeking to terminate his disability benefits because he did not seek such employment. We do not believe this result was intended by the legislature.

Our law requires a partially disabled employee to make reasonable efforts to market his residual wage-earning capacity in order to establish entitlement to disability compensation, see, e.g., National Linen Serv., 8 Va. App. at 269, 380 S.E.2d at 33, but that law may not fairly be applied to the facts of this

case.

> The purpose of the Workers' Compensation Act is to provide compensation to an employee for the loss of his opportunity to engage in work, when his disability is occasioned by an injury suffered from an accident arising out of and in the course of his employment. The Act should be liberally construed in harmony with its humane purpose.

Barnett v. D.L. Bromwell, Inc., 6 Va. App. 30, 33-34, 366 S.E.2d 271, 272 (1988) (en banc) (citation omitted).

Here, the uncontradicted evidence proved that a provision of claimant's union contract with employer barred him from seeking outside work for the duration of his employment and that he would be fired if he obtained other employment. During a period of partial disability when employer did not offer claimant light-duty work, he requested a "stipulation" or waiver of the provision banning other employment in order to seek work as a real estate agent. Employer refused that request. Employer now seeks to use claimant's attempt to preserve his employment status, and his concomitant failure to market his residual capacity, to bar his claim for temporary total disability compensation. We hold, in keeping with the decision of the commission, that "[a]s a matter of equity, the employer cannot have it both ways - on the one hand refusing to allow the claimant to market his [residual] capacity [while maintaining his employment status], and then denying compensation on the grounds

that he has not marketed."[1]

For these reasons, we hold that, where the employer has a contractual provision which bars a claimant from working in outside employment while he remains in that employ, and refuses

---

[1]As support for its argument that benefits should have been denied, the dissent cites prior decisions of the commission. See Nowlin v. Westvaco Corp., Nos. 170-74-58, 170-74-59 (Workers' Comp. Comm'n Feb. 13, 1996); Hall v. C.R. Hudgins Plating, Inc., 70 O.I.C. 237 (1991); Reynolds v. Gust K. Newberg Constr. Co., 70 O.I.C. 236 (1991); Diehl v. Reynolds Metals Co., 67 O.I.C. 188, 191 (1988); Witt v. Kenrose Mfg. Co., 55 O.I.C. 381 (1973). However, as set out above, no conflict in the evidence exists in this case, making the dispute legal rather than factual. Although "the [c]ommission's construction of the Act is entitled to great weight on appeal," City of Waynesboro Sheriff's Dep't v. Harter, 1 Va. App. 265, 269, 337 S.E.2d 901, 903 (1985), this Court is not bound by the commission's legal analysis in this or prior cases. See Cibula v. Allied Fibers & Plastics, 14 Va. App. 319, 324, 416 S.E.2d 708, 711 (1992), aff'd, 245 Va. 337, 428 S.E.2d 905 (1993).

In addition, even if the prior decisions of the commission were legally binding upon this Court, the commission's award of benefits in this case indicates its belief that those decisions are factually distinguishable. We agree.

First, the commission's language in Diehl is dictum because it found the claimant in that case had an ongoing total disability and had no residual capacity to market at that time.

Second, Hall dealt only with the principle that an employee hoping to be recalled to light duty with her pre-injury employer has a duty to market her residual capacity in the interim. It did not indicate that Hall's marketing would have caused her to forfeit employment status with employer and the possible future return to a light-duty position with employer.

Finally, the Nowlin, Reynolds and Witt cases, as stated in the text of those opinions, all dealt exclusively with benefits resulting from union membership and their possible forfeiture upon a claimant's acceptance of other employment. Like Hall, none of those decisions indicate that the employer had control over the claimant's loss of employment or possible forfeiture of benefits. It is undisputed on the record in the instant case that USAir had such control. Furthermore, the commission found that, because "employment contracts in Virginia cover both union and non-union employees, . . . the claimant's union membership is irrelevant to the issue of his right to compensation."

to waive that provision during a period of work-related disability without providing a legitimate business reason for that refusal, claimant has no residual capacity and employer may not assert a "failure to market" defense.

Affirmed.

Fitzpatrick, C.J., dissenting.

I respectfully dissent and would hold that claimant failed to establish that he reasonably marketed his residual work capacity. One factor to be considered in evaluating the reasonableness of a claimant's marketing efforts is the nature and extent of the job search. See ARA Servs. v. Swift, 22 Va. App. 202, 206, 468 S.E.2d 682, 684 (1996) (citing National Linen Serv. v. McGuinn, 8 Va. App. 267, 272, 380 S.E.2d 31, 34 (1989)). Claimant may not restrict himself to contacting only his employer. See, e.g., Nowlin v. Westvaco Corp., Nos. 170-74-58, 170-74-59 (Workers' Comp. Comm'n Feb. 13, 1996) ("an employee who is released to light duty work . . . has the obligation to seek work from other employers in order to demonstrate a reasonable effort to market [his] residual work capacity"); Hall v. C.R. Hudgins Plating, Inc., 70 O.I.C. 237 (1991) (claimant failed to prove reasonable marketing where she had not sought light work elsewhere because she anticipated being recalled by employer). In the instant case, claimant merely inquired of his superiors whether a job within his capacity was available at USAir and made no effort to contact other employers.

I agree with the commission's decisions in prior cases involving similar facts and would hold that claimant's status as a union member, his seventeen-year history with employer, and the actions of his employer did not relieve him of the obligation to market himself to other employers. See, e.g., Nowlin, Nos.

170-74-58, 170-74-59 ("an injured employee cannot limit a job search because of considerations regarding . . . the effect her efforts and potential employment might have on union benefits"); Reynolds v. Gust K. Newberg Constr. Co., 70 O.I.C. 236 (1991) (employee not justified in refusing selective employment because acceptance would jeopardize his union pension benefits); Diehl v. Reynolds Metals Co., 67 O.I.C. 188, 191 (1988) (The "Workers' Compensation Act does not operate in a vacuum and . . . collective bargaining agreements . . . may be related to exercise by the parties of rights and duties prescribed under the Act. Nevertheless, the Act does not in any way define or guarantee the right of an employee to remain in a particular employment."); Witt v. Kenrose Mfg. Co., 55 O.I.C. 381 (1973) (employee who abandoned non-union light duty to protect her union status not eligible for benefits). The rationale set out in those cases is compelling.

Whether a job is within a claimant's ability has no relationship to his or her union status, benefits which may attach thereto, or longevity with an employer. No language in the Workers' Compensation Act supplies a deference to a union employee when marketing his or her residual work capacity. An employer is not required to pay compensation to a claimant who is capable of performing selective employment but who fails to look for a non-union position. All employees are required to look beyond their pre-injury employers if no selective employment is

available.  Claimant may not excuse his failure to market residual work capacity because employer refused to release him from his contractual obligation.  Claimant's contractual limitation and the possibility of termination from his pre-injury employment do not justify his failure to market his residual work capacity.

For the foregoing reasons, I would reverse the commission's decision.