COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Annunziata and Bumgardner
Argued at Salem, Virginia


DANIEL W. PAGE
                                  MEMORANDUM OPINION* BY
v.    Record No. 1490-99-3        JUDGE ROSEMARIE ANNUNZIATA
                                       MARCH 7, 2000
LYNCHBURG FOUNDRY COMPANY AND
 LUMBERMENS UNDERWRITING ALLIANCE


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Joseph J. Steffen, Jr., for appellant.

          Mary Beth Nash (Monica L. Taylor; Gentry,
          Locke, Rakes & Moore, on brief), for
          appellees.


     The claimant, Daniel W. Page, appeals the decision of the

full commission, reversing the decision of the deputy

commissioner who found that the doctrine of imposition applied

to the facts presented and that the employer's late filing of a

required accident form prejudiced Page.  Page raises two

questions for this Court to decide:  1) whether the commission

correctly rejected the deputy commissioner's application of the

doctrine of imposition in this case; and 2) whether Lumbermens

Underwriting Alliance's late filing of Form 45-A served to toll

the statute of limitations.  We find no error, and affirm the

commission's decision.

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

BACKGROUND

On appeal, we view the evidence in the light most favorable to the employer as the party who prevailed below. See ARA Services v. Swift, 22 Va. App. 202, 205, 468 S.E.2d 682, 683 (1996). Factual findings of the commission will be upheld on appeal if supported by credible evidence. See id.

Page sustained a compensable injury to his lower back while working as a finisher in the workplace of his employer, Lynchburg Foundry ("Foundry") on May 29, 1996. He filed a claim for benefits on July 2, 1998, seeking wage indemnity benefits for temporary partial disability ("TPD") and permanent partial disability ("PPD"), two months beyond the terminal date of the statutory limitations period for filing workers' compensation claims.

On May 30, 1996, Page reported his injury to Nancy Wallen, Foundry's on-site nurse. At the time he reported the injury, Page filled out an accident report at Foundry's direction. This report contained the address and telephone number of the Virginia Workers' Compensation Commission. The form advised employees who suffered work-related injuries to file a claim. Foundry's insurance carrier, Lumbermens Underwriting Alliance ("LUA"), filed a Form 45-A, Minor Report of Injury, with the commission on August 15, 1996. These reports are filed electronically, on a quarterly basis, from LUA's headquarters in

Florida. Because Code § 65.2-900(A) requires that such reports be filed within ten days of an accident, the employer filed the report over two months late.

At an unidentified date soon after Page's report to Wallen, he began treatment with Dr. Kerry Donnelly, an orthopedist. Dr. Donnelly placed Page on light-duty work restrictions from June 3, 1996 to September 13, 1996, and again from October 13, 1997 to November 18, 1997.

Approximately one month after Page's accident, Wallen asked him whether he had filed a claim with the commission. Page had not yet filed a claim, and he inquired of Wallen how to do so. Wallen advised him that he needed to complete an accident report form, available from Foundry, that contained the telephone number and address of the Virginia Workers' Compensation Commission. Page obtained the form and telephoned the commission at the number provided, and spoke to a representative of the commission. The representative asked Page whether LUA had "given him any trouble" in making benefit payments, and upon Page's negative reply, Page claimed that the representative asked, "Why do you need to file a claim?" He further claimed that the representative told him to "see how the treatments go and maybe you don't need to file a claim." When his injury flared up in late 1997, Page again telephoned the commission. Page testified that he had "numerous conversations" with the

commission from June, 1996 through October, 1998.  In the course of these conversations, no representative of the commission advised Page to file a claim, and Page neither requested nor received forms to file a claim.

In February, 1998, Page sought treatment with Dr. Murray Joiner, a physiatrist recommended to him by Lisa Milam, a claims adjuster for LUA, for symptoms related to the flare up of his injury.  In a report dated April 2, 1998, Dr. Joiner opined that Page suffered a four percent PPD to his shoulder resulting from the accident.  Dr. Joiner also suggested to Page that he file a claim with the commission.  Page contacted the commission that same day, and was told that a report of minor injury had been filed.  However, the representative with whom Page spoke on this occasion told Page that he should submit a claim.

Page's only contacts with LUA were through Michelle Bewley, a "medical only" claims adjuster, Lisa Milam, a claims adjuster, and Tiffany Smith, a claims representative, none of whom told Page that he would receive wage indemnity benefits or any other benefits.  On no occasion did Page ask Bewley, Milam, or Smith whether he should file a claim.

Page filed a claim with the commission on July 2, 1998, over two years after he sustained his injury.  On November 13, 1998, the deputy commissioner ruled that the two-year statute of limitations should be extended because the doctrine of

imposition was applicable to Page's claim, and because LUA's delay in filing Form 45-A prejudiced Page. The full commission reversed, and this appeal followed.

I.

The doctrine of imposition "'empowers the commission in appropriate cases to render decisions based on justice shown by the total circumstances even though no fraud, mistake, or concealment has been shown.'" Butler v. City of Va. Beach, 22 Va. App. 601, 605, 471 S.E.2d 830, 832 (1996) (quoting Odom v. Red Lobster No. 235, 20 Va. App. 228, 234, 456 S.E.2d 140, 143 (1995)) (additional citation omitted). The doctrine empowers the commission to "do full and complete justice," id., and it focuses on the employer's, or the commission's, use of superior knowledge of or experience with the Workers' Compensation Act ("Act"), or use of economic leverage, to unjustly deprive the employee of benefits warranted under the Act. See id. (citing John Driggs Co. v. Somers, 228 Va. 729, 734-35, 324 S.E.2d 694, 697 (1985); Odom, 20 Va. App. at 235, 456 S.E.2d at 143). In order for the doctrine to apply, the record must show "a series of acts by the employer or the commission upon which a claimant naturally and reasonably relies to his or her detriment." Butler, 22 Va. App. at 605, 471 S.E.2d at 832 (citing Odom, 20 Va. App. at 235, 456 S.E.2d at 143).

- 5 -

We find in the record no such "series of acts by the employer or the commission upon which [Page] naturally and reasonably relie[d] to his . . . detriment." Id. Page has pointed to no affirmative statements on the part of either LUA or Foundry that led him to believe he need not file a claim. On the contrary, Nurse Wallen on at least one occasion asked him whether he had done so, and the accident report Page initially completed provided him with the address and telephone number of the commission, which Page promptly used to contact the commission. Moreover, when Dr. Joiner told Page that he ought to file a claim, Page had almost two months remaining in the statutory period to file his claim. Page contacted the commission the same day Dr. Joiner advised him to do so, and on this occasion the representative told him he should, indeed, complete and submit a claim form. Page thus plainly had notice, almost two months before the expiry of the limitations period, that he needed to file a claim. He failed to do so. Compare Odom, 20 Va. App. at 232-33, 456 S.E.2d at 142 (claimant only received notice of need to file a claim after the limitations period had run).

Although Page claims that he received little or no encouragement to file a claim prior to the running of the limitations period, the evidence shows clearly that he was aware of the need to file a claim within a month of his injury and

that he was told almost two months before the limitations period ran, by both Dr. Joiner and by an unnamed representative of the commission, that he had to file a claim. Consequently, we affirm the decision of the commission rejecting the application of the imposition doctrine.

## II.

Page further contends that because Foundry's carrier, LUA, filed the required accident report, Form 45-A, nearly three months late, his claim was prejudiced, and the tolling provisions of Code § 65.2-602 should be applied to extend his filing period. Code § 65.2-602 acts to toll the statute of limitations under the following circumstances: 1) where the employer pays wages or compensation for incapacity related to a work injury after receiving notice of injury; or 2) where the employer fails to timely file the accident report and that failure operates to prejudice the employee's claim. Cf. Bristol Newspapers, Inc. v. Shaffer, 16 Va. App. 703, 706-07, 432 S.E.2d 23, 25 (1993) (the three criteria of the tolling provision of Code § 65.2-602 are notice to the employer of claimant's compensable injury, specified conduct by the employer, and prejudice to the claimant). In the present case, Page gave proper notice of his accident, and Foundry and LUA do not dispute the late filing of Form 45-A. Neither Foundry nor LUA made payments to Page in compensation for his injury. Page does

- 7 -

not allege misconduct on the part of either Foundry or LUA, so the sole question on review is whether Page was prejudiced by the late filing of Form 45-A.  Page has failed to provide any evidence whatsoever demonstrating that the delay in the filing of Form 45-A adversely affected his claim.  Viewed in the light most favorable to the appellees, see ARA Services, 22 Va. App. at 205, 468 S.E.2d at 683, the facts thus support the commission's decision in finding the record insufficient to warrant application of the tolling provisions of Code § 65.2-602.

For the foregoing reasons, we affirm the decision of the commission.

Affirmed.