COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Bumgardner
Argued at Richmond, Virginia


ARNOLD HAROLD HOLEMAN, JR.

                                    MEMORANDUM OPINION* BY
v.    Record No. 3074-00-2          JUDGE JAMES W. BENTON, JR.
                                         AUGUST 28, 2001
HAROLD HOLEMAN, GRANITE STATE
 INSURANCE COMPANY AND AMERICAN
 INTERNATIONAL ADJUSTMENT COMPANY, INC.


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Andrew J. Reinhardt (Kerns, Kastenbaum &
          Reinhardt, on briefs), for appellant.

          S. Vernon Priddy III (Patsy L. Mundy; Sands
          Anderson Marks & Miller, on brief), for
          appellees.


     The sole issue raised by this appeal is whether the

Workers' Compensation Commission erred in finding that Arnold

Harold Holeman, Jr., did not use reasonable efforts to market

his residual work capacity.  We affirm the commission's

decision.

                            I.

     For over twenty years, Holeman was the sole proprietor of a

construction business.  His work primarily consisted of

residential remodeling projects, including trimming, siding, and

building Florida rooms and decks.  On October 7, 1998, Holeman

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

sustained injury to his neck, back and shoulder in an automobile accident. Holeman filed a claim for benefits and was awarded, by stipulation and a consent order, temporary total disability benefits for the period of October 8, 1998 through February 11, 1999, and temporary partial disability benefits from February 12, 1999 through July 15, 1999. Holeman later filed a claim alleging a change in condition and seeking temporary total and temporary partial disability benefits from July 9, 1999 and continuing.

At the evidentiary hearing, Holeman testified that he was unable to work for eight months after the automobile accident. He initially returned to employment by working for his friends, where he earned "cash" money performing light duty work. Once he "could get back on [his] feet," he restarted his own construction business. By that time, he had lost the business connections he had established through other contractors, especially for work involving the building of Florida rooms and decks. Holeman testified that he has tried to re-establish his prior contacts, but that he has "had to change [his] type of work" and now does trim and siding work. Holeman said he has also modified his business to better suit the limitations of his injuries and does "a lot of subcontracting."

Holeman has been averaging one job per week and testified that he will be able to earn a "decent" wage in the next six to twelve months. According to his records, his business

-

experienced a loss of about $23,000 for the period of July 9, 1999 through April 22, 2000. Holeman testified that he earned $48.13 in August 1999, the only month which his business did not reflect an overall loss. He explained that although he has earned no money, he has "bought quite a bit of the tools that [he] need[s] to do . . . the work . . . just to stay in the business until [he] get[s] back on [his] feet."

The deputy commissioner ruled that Holeman was making adequate efforts to market his residual earning capacity and awarded him compensation. On review, the commission found that Holeman has "work skills that should permit him to earn significant wages in the construction industry." The commission found it unreasonable that Holeman did not seek suitable employment from other employers after his self-employment proved to be unprofitable. The commission reversed the award. Holeman appeals from that decision.

## II.

An employee who seeks an award for temporary partial disability benefits has the burden of proving that he or she made "a 'reasonable effort' to market his [or her] remaining work capacity." National Linen Serv. v. McGuinn, 8 Va. App. 267, 269, 380 S.E.2d 31, 33 (1989). We reiterated in McGuinn the rule that "'[t]he employee must . . . exercise reasonable diligence in seeking employment, and what is reasonable in a given case will depend upon all the facts and circumstances.'"

-

8 Va. App. at 270-71, 380 S.E.2d at 33 (quoting Great Atlantic & Pacific Tea Co. v. Bateman, 4 Va. App. 459, 467, 359 S.E.2d 98, 102 (1987)).

Holeman contends that his case presents a novel issue because he was returning to self-employment.  Based upon this assertion, he argues that we should apply a standard less deferential to the commission's findings.  We decline to establish a different standard for self-employed persons because the issue confronting the commission is the same for all employees:  Were the efforts of the employee to market his or her residual work capacity reasonable under the circumstances, including circumstances of self-employment?

In applying the McGuinn rule, the commission clearly engaged in a fact-finding task.  According to well established appellate principles, we will uphold "[f]actual findings of the . . . Commission . . . if supported by credible evidence." James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).  Furthermore, we must view the evidence in the light most favorable to the party prevailing below to determine if credible evidence supports the findings.  Crisp v. Brown's Tysons Corner Dodge, 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986).  So viewed, the evidence proved that Holeman initially returned to employment by working for his friends in the construction industry for "cash" wages.  Since that time, he has worked to re-establish his own business.  The record

-

contains credible evidence to support the commission's findings that Holeman's "physical work restrictions are not severe" and that his work skills would "permit him to earn significant wages." The evidence also proved, and the commission found, that Holeman "has not even attempted to locate other higher paying work." Holeman concedes on brief "that he did not job-hunt."

The record supports the commission's finding that Holeman has used his earnings to invest in tools and equipment in an attempt "to reorganize his unprofitable construction business." Credible evidence also supports the commission's finding that Holeman acted unreasonably when he "did not seek suitable employment from other employers, particularly after his self-employment activities . . . failed to generate any profit [and] lost considerable amounts of money for an extended period of time." In making that finding, the commission appropriately considered Holeman's "age, skills, work history, and minimal restrictions." See McGuinn, 8 Va. App. at 272, 380 S.E.2d at 34.

In addition, the commission reviewed Holeman's records and found "it speculative at best . . . whether [Holeman's] construction business will ever generate additional revenues." The record supports the commission's finding that Holeman was using "his company's revenues for capital investment and payment of salaries to other employees rather than paying himself." As

-

the commission found, Holeman made the decision to limit his wages "by continuing with unprofitable, if not failing, self-employment activity."

Holeman contends the commission erred in ruling that <u>ARA Services v. Swift</u>, 22 Va. App. 202, 468 S.E.2d 682 (1996), was not applicable to his circumstances. In that case, a disabled employee returned to her pre-injury employment, but could only perform light-duty work. She worked fewer hours a week and therefore earned less money. <u>Id.</u> at 204, 468 S.E.2d at 683. We affirmed the commission's ruling that the employee had adequately marketed her residual work capacity. Credible evidence established that the employee acted reasonably because she might have lost benefits if she had refused to accept the light-duty position. <u>Id.</u> at 207, 468 S.E.2d at 684.

We agree with the commission that Holeman's case is distinguishable because his wage loss results "from a combination of the loss of business referrals and his reinvestment in his business." Credible evidence supports the commission's finding that his wage loss does not result "from part-time employment or from his acceptance of a light duty position offered by his pre-injury employer (himself)." We hold, therefore, that the evidence supports the commission's ruling that Holeman's decision to forego employment as a construction worker and, instead, to attempt to re-establish his

-

business was not, under these circumstances, a reasonable effort to market his work capacity.

Accordingly, we affirm the commission's decision.

<u>Affirmed</u>.