COURT OF APPEALS OF VIRGINIA


Present: Judges Clements, Agee* and Felton
Argued at Richmond, Virginia


WILLIAM R. MARVIN

                                        MEMORANDUM OPINION** BY
v.   Record No. 2166-02-2          JUDGE JEAN HARRISON CLEMENTS
                                          SEPTEMBER 9, 2003
ROUNTREE CONSTRUCTION COMPANY, INC. AND
 COMMONWEALTH CONTRACTORS GROUP
 SELF-INSURED ASSOCIATION


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Gregory O. Harbison (Elizabeth C. Griffin;
            Geoffrey R. McDonald & Associates, on brief),
            for appellant.

            Mark S. Davis (Carr & Porter LLC, on brief),
            for appellees.


     William R. Marvin (claimant) appeals a decision of the

Workers' Compensation Commission (commission) denying his July

27, 1999 change-in-condition application seeking permanent

partial disability compensation benefits.  The commission ruled

that the claim was time-barred by Code § 65.2-708(A).  Finding

no error, we affirm the commission's decision.

---

    * Justice Agee participated in the hearing and decision of
this case prior to his investiture as a Justice of the Supreme
Court of Virginia.

    ** Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

## I.  BACKGROUND

The relevant facts in this case are not in dispute.  On October 10, 1997, claimant sustained a compensable injury by accident when his left arm was crushed between the bucket of a backhoe and a trench box.  As a result of that accident, claimant suffered "considerable soft tissue damage" to his left arm, requiring extensive vascular surgery, and a severe left arm fracture, requiring orthopedic surgery.  Two additional surgeries were performed prior to claimant's discharge from the hospital.  His claim was accepted, and an award was entered for temporary total disability compensation benefits on February 5, 1998.

On February 16, 1998, Dr. John J. Harrington, D.O., who was treating claimant for pain, observed that the range of motion of claimant's left arm was "approximately 60% of normal" at the elbow and "75%" at the wrist.  Dr. Harrington further observed that claimant had difficulty moving some of the fingers on his left hand probably due to nerve injury.  Claimant was receiving physical therapy three times per week.

On March 10, 1998, Dr. H. Steven Cline, one of claimant's treating orthopedic physicians, evaluated claimant, noting claimant had "increased range of motion of his left upper extremity and no significant pain." Dr. Cline also reported that claimant was "working on range of motion, doing extremely well." He recommended continued "aggressive physical therapy." On that same date, Dr. Harry J. Molligan, another of claimant's treating orthopedic physicians, released claimant, effective March 11, 1998, to sedentary work, with no "use of [his] left upper extremity."

The medical records filed in this case do not reflect any treatment of claimant's condition between March 10, 1998, and October 3, 2001.

On April 23, 1998, employer filed a change-of-condition application with the commission, alleging claimant had recently been convicted of felony offenses and had "removed himself from [the] job market" due to his incarceration. On July 17, 1998, the commission found that claimant was incarcerated while able to perform light duty work and suspended his benefits pursuant to Code § 65.2-510.1 as of April 24, 1998, the last day for which compensation had been paid.

On July 27, 1999, claimant, proceeding pro se, filed a change-in-condition application alleging "permanent nerve damage/mobility" of his left arm and seeking, inter alia, permanent partial disability compensation benefits. By letter

- 3 -

dated August 6, 1999, the commission acknowledged receipt of claimant's July 27, 1999 application and informed him, inter alia, that his request of permanent disability benefits was being "placed on hold" pending his submission of "medical documentation reflecting that [his] injuries have reached maximum medical improvement together with the disability rating."  The commission further informed claimant that "[n]o further action [could] be taken . . . pending receipt of the above requested documentation."

On November 14, 2001, claimant, by counsel, filed a change-in-condition application for permanent partial disability compensation benefits.  Attached to the application was a note from Dr. Molligan dated October 3, 2001, concluding that claimant's injury had resulted in a "permanent functional impairment of his left" arm and that claimant had "reached the point of maximum medical improvement."  Dr. Molligan further noted that, while claimant's wounds and fracture were "well healed" and his left hand was neurologically intact, he lacked pronation and supination in his left forearm, "probably due to a synostosis or a connection of bone across the forearm at about the elbow region."  Dr. Molligan also stated in his note that he discussed with claimant "the possibility of further surgery to alleviate this" condition, but, acknowledging he was "functioning fairly well" and fearing "a worse prognosis" after

- 4 -

surgery, claimant decided he did not want further surgery on his arm.

Also attached to claimant's November 14, 2001 application was an October 21, 2001 report from Dr. Eric Mein, assigning a rating of "34% upper extremity impairment" to claimant's left arm. Dr. Mein based his rating on decreased flexion, extension, pronation, and supination at the elbow, as well as a decreased range of motion of the wrist and fingers.

By letter dated December 21, 2001, the deputy commissioner acknowledged "receipt of . . . claimant's applications filed July 27, 1999, and November 14, 2001," and informed the parties that the case had been "selected . . . for a determination on the record." The deputy commissioner further informed the parties that they were to provide written notice to him within ten days if they "believe[d] a trial-type evidentiary hearing [was] necessary." Neither party requested an evidentiary hearing.

On March 7, 2002, the deputy commissioner issued an opinion finding that claimant's claim for permanent partial disability benefits was barred by the three-year statute of limitations of Code § 65.2-708(A) because "claimant offered no testimony" and the "medical evidence fail[ed] to demonstrate any permanent impairment" within three years of the date for which compensation was last paid.

On July 26, 2002, the full commission issued an opinion affirming the deputy commissioner's ruling. The majority of the full commission concluded (1) that claimant's November 14, 2001 application was time-barred under Code § 65.2-708(A) because it was not filed within three years of the date claimant was last paid compensation on April 24, 1998,[1] and (2) that, although claimant timely filed his application of July 27, 1999, that claim was likewise time-barred under Code § 65.2-708(A) because claimant failed to present any evidence of a permanent disability occurring within the requisite three-year time period.

## II. ANALYSIS

On appeal, we view the evidence in the light most favorable to the party prevailing below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "If supported by credible evidence, the factual findings of the commission are binding on appeal." Tomes v. James City (County of) Fire, 39 Va. App. 429, 430, 573 S.E.2d 312, 315 (2002). However, "we review questions of law de novo," Rusty's Welding Serv. v. Gibson, 29 Va. App. 119, 127, 510 S.E.2d 255, 259 (1999) (en banc), mindful that, "[w]hile the provisions of the Virginia [Workers' Compensation] Act are to be liberally construed to see that [the Act's] benefits are awarded to

---

[1] Claimant does not challenge this finding by the commission.

- 6 -

injured employees, that principle [neither] authorize[s] the courts to amend, alter or extend its provisions, nor . . . require[s] that every claim asserted be allowed," Bowden v. Newport News Shipbuilding & Dry Dock Co., 11 Va. App. 683, 688, 401 S.E.2d 884, 887 (1991).  While we generally give great weight and deference, on appeal, to the commission's construction of the Workers' Compensation Act, we are "not bound by the commission's legal analysis in this or prior cases." U.S. Air, Inc. v. Joyce, 27 Va. App. 184, 189 n.1, 497 S.E.2d 904, 906 n.1 (1998).

Claimant contends, on appeal, that his timely filed July 27, 1999 claim was not time-barred because his application and the October 2001 medical reports of Drs. Molligan and Mein constituted evidence of a "present and existing" permanent partial disability occurring within the three-year period required by statute.  It defies logic, he argues, to conclude that his permanent medical condition, as described in the medical reports of Drs. Molligan and Mein in October 2001, did not exist as of April 24, 2001.  He further asserts that he was denied the opportunity to present evidence on his claims as a result of the commission's decision to make an on-the-record determination and that it would be a grave injustice to deny him an opportunity to testify at an evidentiary hearing while denying benefits, in part, on the lack of testimony and evidence

- 7 -

in the record.  We find claimant's arguments to be without merit.

We begin by noting that the record belies claimant's assertion that he was denied the opportunity to testify and otherwise present evidence at an evidentiary hearing.  In his letter of December 21, 2001, the deputy commissioner specifically advised claimant of this right.  Claimant, however, did not request such a hearing until the deputy commissioner rendered a decision adverse to him.  Any injustice or detriment to claimant is not the result of commission error.

We turn next to the crux of claimant's assignment of error. As relevant to the facts of this case, Code § 65.2-708(A) requires that an application alleging a change in condition be filed within thirty-six months from the last day for which compensation was paid.  See Southwest Va. Tire, Inc. v. Bryant, 31 Va. App. 655, 660, 525 S.E.2d 563, 566 (2000).  Furthermore, we construe the provision of Code § 65.2-708(A) that "[n]o such review shall be made after twenty-four months from the last day for which compensation was paid . . . except . . . thirty-six months from the last day for which compensation was paid shall be allowed for the filing of claims payable under § 65.2-503" to mean that the change in condition must occur within thirty-six months from the last day for which compensation was paid.  See id.  The issue, then, is whether the evidence presented by claimant established that his permanent partial disability

occurred within thirty-six months of April 24, 1998, the last day for which he was paid compensation, as required by Code § 65.2-708(A). We hold that it did not.

Claimant timely filed his application on July 27, 1999, alleging "permanent nerve damage/mobility" of his left arm and seeking permanent partial disability compensation benefits. However, relying strictly on his medical records, claimant offered no testimony or other non-medical evidence to the commission. By itself, the medical evidence fails to show that claimant's permanent disability occurred within three years of April 24, 1998.

On February 16, 1998, Dr. Harrington observed that claimant had a decreased range of motion of his elbow and wrist and trouble moving several fingers. However, on March 10, 1998, Dr. Cline noted claimant had increased motion of his left arm and no significant pain. Claimant, who had been treated with physical therapy in the interim, was advised to continue with aggressive physical therapy. Dr. Molligan then released claimant to light duty work effective March 11, 1998. As of that date, none of claimant's doctors had stated that claimant's impairment, which had improved in March 1998, was permanent.

From that point, the record is devoid of further medical evidence of claimant's condition until October 2001, well after the thirty-six month statute of limitations period had expired. Although Dr. Molligan concluded at that time that claimant's

- 9 -

injury had resulted in a "permanent functional impairment of his left" arm, the commission concluded that claimant had presented no evidence that the impairment medically documented in March 1998 continued unabated until October 2001 or resulted in a permanent impairment prior to October 2001.  These factual findings of the commission are supported by the record and are, therefore, binding on appeal.

Hence, we conclude the commission did not err in finding that claimant's claim was time-barred by Code § 65.2-708(A).  Accordingly, we affirm the decision of the commission.

<u>Affirmed.</u>